KLIEBERT, Judge.
On May 23,1975, James Lee, plaintiff-ap-pellee (hereafter Lee), an employee of Standard Steel of New Orleans, Inc., was injured while on the job when steel fell on his right foot as he was helping Robert Fau-cheaux, Jr., defendant-appellant (hereafter Faucheaux) move it. Lee filed an executive officer’s suit on January 26, 1976, naming as the sole defendant State Farm Fire and Casualty Company (hereafter State Farm), in its alleged capacity as the general liability insurer of the executive officers of Standard Steel of New Orleans, Inc. On February 11, 1976, State Farm filed an answer, asserting a general denial and alleging negligence and alternatively contributory negligence on Lee’s part. On March 22, 1977, a supplemental and amending petition was filed naming as co-defendants Robert Faucheaux, Jr. and Edmond Faucheaux, both officers of Standard Steel. On March *331 28, 1977, State Farm filed exceptions of no right or no cause of action. The exceptions were grounded in the contention the policy of insurance issued by State Farm, although labeled “General Liability Policy”, was actually an owner, landlord and tenants liability policy and contained an exclusion of coverage for “bodily injury to an employee of the insured arising out of or in the course of his employment by the insured ...” Simultaneously with the filing of the exceptions by State Farm, the same law firm filed exceptions of prescription on behalf of the executive officers who had been included in the suit by the supplemental petition. The trial judge, on May 27, 1977, maintained State Farm’s exception of no right or no cause of action, but overruled the exception of prescription filed by the executive officers. On October 26, 1977, Robert and Herbert Faucheaux[1], appearing through a different law firm, answered the supplemental and amended petition and filed a third party demand against State Farm Fire and Casualty Company, their insurer, and its insurance agent. The third party demand alleged negligence and/or breach of contract on the part of the agent and State Farm in failing to provide a general liability policy to the Faucheauxs. State Farm answered the third party petition denying the negligence and averring the policy of insurance issued by it as the best source of its contents. On the same day, State Farm filed an exception labeled “an exception of prescription” averring that since the main demand had prescribed the third party petition also prescribed. According to a written stipulation in the record, entered into before the commencement of the trial, this third party demand was compromised with State Farm agreeing that, in consideration of the dismissal of the third party action, State Farm would provide a defense for the Faucheauxs and also indemnify them for any judgment rendered against them up to one hundred thousand dollars. After a jury trial on the merits, judgment was rendered against Robert and Herbert Faucheaux, in solido, for $40,-000.00. Defendants appeal.
On appeal, appellants by assignments of error raise two issues: (1) whether the claim against Robert and Herbert Fau-cheaux had prescribed because the supplemental petition bringing them into the litigation was filed more than one year after the date of the accident, and (2) whether the award of $40,000.00 made by the jury was excessive.
For the following reasons we affirm the trial judge’s ruling dismissing the exception of prescription and affirm the jury’s $40,-000.00 award for damages.
Considering first the prescription issue, we note all parties agree with the legal principal that a suit filed against one solida-ry obligor interrupts the prescription as to all solidary obligors (See Aetna Insurance Company v. Boh Bros. Const. Co., 365 So.2d 927 [4th Cir. 1978]).
Under the compromise agreement with the executive officers, State Farm agreed to supply a defense and to provide coverage on the claims here asserted up to $100,000.00. Thus, although earlier dismissed from the litigation because of the exclusion in the liability policy, State Farm, through the compromise agreement, amended the policy and provided coverage for the claims asserted here and, hence, in truth and in fact was the insurer of the executive officers and solidarily liable with them.
The initial petition filed against State Farm alleged the accident was caused solely through the negligence of Robert H. Fau-cheaux, Jr., and enumerated his purported acts of negligence. Further, it specifically alleged State Farm was the liability insurer. In a deposition given on May 3, 1976 and May 23, 1977, Robert Faucheaux testified State Farm had previously informed him of the claim and he had notice of and knew of the lawsuit shortly after it was filed in January, 1976, much less than a year after the accident.
*332 In Andrepont v. Ochsner, 84 So.2d 63 (Orleans App. 1955) this court, while reviewing the then existing jurisprudence on interruption of prescription, concluded at page 68 as follows:
“Thus it appears that all of the cases seem to be based on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted.” (Emphasis added.)
At a later time, the Supreme Court, while also reviewing the jurisprudence in Allstate Insurance Co. v. Theriot, 376 So.2d 950 (La.1979), quoted from Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973) as follows:
“When the defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted.”
And then, in further elaboration as to the basis for a line of cited jurisprudence, said at page 954:
“The underlying reason why prescription does, not bar the subsequent claim in these instances is that the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof ...”
Since none of the basic prescriptive values are offered here, and since defendants, Robert and Herbert Faucheaux were timely and adequately apprised of Lee’s claim, we affirm the district judge’s ruling that prescription was not a bar to Lee’s claim against the executive officers.
Next we consider the alternative excessive award contention of State Farm. Dr. Robert E. Ruel, Jr., orthopedic surgeon, was Lee’s treating physician. Dr. Ruel first examined Lee in the emergency room at Methodist Hospital, where he diagnosed multiple fractures of the foot (including fractures of the fourth and fifth toes and a displaced fracture of the fourth metatarsal neck). In emergency surgery, a fasiectomy was performed to preserve as much of the foot as possible and to amputate the fifth toe, which was diagnosed as being “dead”. Approximately one month later, he was hospitalized again with a gangreneous fourth toe which was amputated. Also a ray resection was performed wherein part of the metatarsal bones were removed in order to provide Lee with a better contour of his foot. Both operations were performed under general anesthesia. Dr. Ruel ascribed a one hundred percent (100%) disability to the fourth and fifth toes and a ten percent (10%) permanent physical impairment of the entire lower extremity.
Before,an appellate court can disturb an award made by a trial court, the record must clearly reveal the trier of fact abused its “much discretion” in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). The reviewing court should not disturb the trier’s award absent the determination that the trial court abused its very great discretion. Wilson v. Magee, 367 So.2d 314 (La.1979). We cannot say the jury abused its “much discretion”; hence, we affirm its decision on quantum.
For the foregoing reasons, the judgment of the trial court is affirmed; cost to be borne by the defendant-appellant.
AFFIRMED.

. Herbert Faucheaux was initially labeled as Edmond Faucheaux in the supplemental and amending petition. Apparently, his full legal name is Robert Herbert Faucheaux, Sr.