AUGUSTINE, Judge.
Talib Aleem prosecutes this suit under the Louisiana Workmen’s Compensation statute and under general tort law as a result of injuries which he suffered during the course of his employment on April 11, 1980. Aleem named several defendants as his employer: Louisiana State University Medical Center, AABCO Contractors, Inc., Leonard Pigott, and Joseph Jackson. The trial court dismissed the tort claim on defendant’s plea of prescription. Following trial on the merits of the plaintiff’s workmen’s compensation suit, the trial court found that Aleem’s sole employer at the time of injury was Joseph Jackson. Accordingly, the court dismissed the suit as to all other defendants. Talib Aleem now brings this appeal.
LIABILITY
This controversy has its distant origin in the decision of Louisiana State University to expand its medical school facilities, a project which required the demolition of many structures upon the university’s properties near New Orleans’ downtown area. To this end, LSU awarded a demolition contract to AABCO, a sole proprietorship owned by defendant Leonard Pigott. By the terms of that contract, the properties were to be delivered to the complete possession and control of AABCO on April 11, 1980. The agreement also provided, among other things, that AABCO was to assume all responsibility for injuries to third persons on the premises. It was further understood that AABCO would acquire ownership of whatever salvageable material there might remain after demolition.
On the day work was scheduled to begin, Leonard Pigott arrived at the site to find that Rev. Joseph Jackson, a sometime business associate, had already occupied certain premises delivered to AABCO by the contract with LSU. Rev. Jackson’s regular trade was salvage, and within the previous three weeks, he had been scavenging bricks and timber from the many demolished houses in the area. Jackson himself performed little of the physical work. That task was divided among Jackson’s handful of casual laboreres, hired for the occasion from street corners and other places where the neighborhood’s unemployed would gather. Among them was Talib Aleem, whom Jackson had hired only a few hours before on the corner of Cleveland and Derbigny, not far from the demolition site. The loose arrangement between Jackson and Aleem provided for pay at five dollars per hour, payable in cash that afternoon. Although Aleem had previously found work with other salvagers in the area, this was the first occasion for his employment by Jackson.
While Jackson’s men went about their work on one side of the street, AABCO proceeded to demolish an old residence on the other. AABCO’s crew that day consisted of Pigott himself and Edward Resendez, the bulldozer operator. After Resendez le-velled the house and loaded its remains into AABCO’s dump truck, Pigott drove the truck to the city land fill site and there deposited the debris.
While Pigott was away on that errand, Jackson approached Resendez and requested his assistance in loading the materials which Jackson’s crew had scavenged from the house across the street. Resendez agreed to allow the workers to load their salvage into the bulldozer’s front end. The materials were then deposited into one of Jackson’s trucks.
*1295 Meanwhile, Talib Aleem had been sent by Jackson to the loft of one of the old residences, where in the course of retrieving timber, he stepped through a rotten floorboard and injured his leg. Rev. Jackson instructed one of his workers to drive Aleem to the hospital and told Aleem that he should look to his employer, Leonard Pigott, for financial reparation. When Aleem returned to the work site on crutches a few days later, Pigott denied having ever been his employer and named Rev. Jackson as the employer responsible for his injury under the workmen’s compensation law. The trial court agreed.
We are now asked to decide whether, upon these facts, the trial court committed error in finding that Talib Aleem’s sole employer was Rev. Joseph Jackson.
Ill
Inasmuch as appellant relies for recovery upon that part of Louisiana’s Workmen’s Compensation law which defines a “statutory employer”, La.R.S. 23:1061,[1] the plaintiff bears the burden to prove this essential element: the existence of a contract which governs the performance by Rev. Jackson of part of Pigott’s (AABCO’s) work. Whether it is proper to also name Leonard Pigott as Aleem’s employer therefore presents a question of fact whose resolution we will not disturb absent manifest error. Arceneaux v. Domingne, 365 So.2d 1330 (La.1979).
Since there is no written contract between Pigott and Rev. Jackson, and since no one claims to have witnessed such an oral agreement between them, plaintiff’s case for the existence of such a contract is wholly circumstantial. Thus, Aleem contends that AABCO had sole possession of the property upon which the accident occurred; that AABCO, by its contract with LSU, was solely responsible for injuries occurring to third persons on the premises; that Rev. Jackson conducted himself like a foreman when Pigott came to the work-sight; that the work performed by Rev. Jackson’s crew was for the benefit of AAB-CO; that prior dealings reveal a steady pattern of employment of the Rev. Jackson by Mr. Pigott; that Mr. Pigott did not attempt to evict Rev. Jackson upon arrival at the work site; that the sum of the above parts is the contractual relation between Pigott (AABCO) and Rev. Jackson, and that, being directly employed by Jackson, the plaintiff is therefore statutorialy employed by Pigott as well.
As to the plaintiff’s contentions, we begin by noting that although the salvage material had some monetary value, Mr. Pigott testified that he was not financially interested in that aspect of the operation. The truth of this was born out by the fact that when Pigott drove the debris-laden dump truck to the land fill, the load contained salvage bricks and timber as well as useless scrap. The salvage work was therefore performed for the benefit of Rev. Jackson, not AABCO.
Moreover, the trial record discloses that in sworn testimony, Leonard Pigott explicitly denied having any contractual arrangement with Rev. Jackson and denied receiving any benefit from the work performed by the latter on April 11, 1980. Pigott’s testimony on that point is not inconsistent with the circumstances upon which the plaintiff’s case depends, and if believed, establishes a perfect defense against the plaintiff’s suit. It is apparent from the trial judge’s findings that he believed the *1296 testimony of Leonard Pigott. Concerning a trial judge’s estimate of a witness’ credibility, we are admonished to follow the well-known dictate of Canter v. Koehring, Co., 283 So.2d 716 (La.1973) wherein it was stated:
“... the reviewing court must give great weight to the factual conclusions of the trier of fact where there is conflict in the testimony, reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Id at 724.
We conclude that the trial judge did not commit manifest error in assigning credibility to the testimony of Leonard Pi-gott, and therefore, that the court did not err in finding that there existed no employer-employee relationship between Pigott and Talib Aleem. Accordingly, plaintiff has failed to establish the validity of his claim under La.R.S. 23:1061.
PRESCRIPTION
Appellant assigns as error the trial court’s dismissal of the tort action filed by him against the above-named defendants. The basis of dismissal was prescription, it having been established by the defendants that more than one year had elapsed between the injury-causing event and the filing of suit for tort damages. Appellant contends that the timely filing of the workmen’s compensation suit interrupted prescription as to the tort claim. Although he does not expressly say so, appellant’s reliance is upon La.R.S. 9:5801, which provides:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue.” Italics added.
It is clear from the above statute that the timely filing of suit interrupts only those prescriptions affecting “the cause of action therein sued upon".
The issue thus raised by appellant is simply whether his original petition, which stated a cause of action under the workmen’s compensation statute, sufficiently stated, in addition, a cause of action for tort damages so as to interrupt the applicable one-year prescriptive period.
Appellant’s original petition alleges, in essence, that on April 11, 1980, he was employed as a laborer by Rev. Jackson and by AABCO Contractors, Inc., and that he was “accidentally injured” while in the course and scope of his employment. The petition is devoid of any allegation that appellant’s injury was caused by breach of legal duty. We therefore conclude that appellant’s timely-filed suit for workmen’s compensation benefits did not interrupt prescription for tort damages and was correctly dismissed.
In so holding, we expressly reaffirm the principles stated in Lee v. State Farm Fire and Casualty Co., 400 So.2d 330 (La.App. 4th Cir.1981), but find them inapplicable to the case before us. There, the question was whether the plaintiff’s claim' against the officers of a steel corporation had prescribed because the petition bringing them into the action was filed more than one year after the date of the accident. Applying the principle that, “so long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted”, Lee, supra, at 332, we reasoned that inasmuch as the defendants had been timely and adequately apprised of the plaintiff’s claim, the filing of suit against the corporate officers’ insurer interrupted prescription as to the officers themselves.
In the present case, plaintiff’s petition stated only the barest facts to support a cause of action for workmen’s compensation. .The defendants were not informed of any facts whatsoever which would support a claim in tort until well after the expiration of the prescriptive period. Under these circumstances, Lee should not be applied so as to find an interruption of prescription.
CONCLUSION
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.

. Where any person (in this section referred to as principal) undertakes to execute any work, which is part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.