449 So.2d 133 (1984)
Joyce Marie MILLER
v.
NEW ORLEANS HOME AND REHABILITATION CENTER, State of Louisiana, and City of New Orleans.
No. CA 1519.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*134 Marc L. Popkin, Manard, Schoenberger & Ryan, New Orleans, for plaintiff-appellant.
Mavis S. Early, Uddo & Early, New Orleans, for defendants-appellees.
Before GULOTTA, GARRISON and BARRY, JJ.
GARRISON, Judge.
Plaintiff, Joyce Miller, was injured on December 11, 1981 while riding in an elevator on the premises of the New Orleans Home and Rehabilitation Center. This facility is operated by and under the control of the State of Louisiana. Maintenance of this facility's elevators is the responsibility of the City of New Orleans.
On February 8, 1982, plaintiff filed suit for tort damages against New Orleans Home and Rehabilitation Center, the State of Louisiana and the City of New Orleans. Plaintiff was an employee of the Center at the time of the accident; however, she was not scheduled to work on the day of the accident. A disputed fact in this case is whether or not plaintiff was within the course and scope of her employment at the time of the accident.
On February 28, 1983, more than one year after the accident occurred, plaintiff filed a supplemental and amended petition to assert a claim for workmen's compensation benefits pursuant to LSA-R.S. 23:1201 et seq.
On March 11, 1983, defendants filed an exception of prescription which was maintained by the trial judge in his judgment dated May 2, 1983. The trial judge thereby dismissed plaintiff's amended petition which asserted her claim for compensation benefits. From this judgment which we reverse, plaintiff appeals.
On appeal, the only issue argued is whether or not the filing of a petition for a tort action interrupts the prescriptive period for bringing a workmen's compensation claim arising out of the same accident, when the allegations in the original petition are sufficient for bringing the tort action but not for the workmen's compensation action. Plaintiff-appellant contends that the timely filing of the tort suit interrupted prescription as to the workmen's compensation claim. This contention is based on the premise that the supplemental and amended petition "relates back" to the date of the filing of the original petition because the action asserted in the amended petition arose out of the same occurrence set forth or attempted to be set forth in the original petition. Defendants-appellees contend that plaintiff is attempting to assert a new cause of action based upon the workmen's compensation claim in her amended petition. This contention is based on the fact that plaintiff did not timely plead that she was employed by the defendants in order to provide notice to them of possible workmen's compensation benefits. Therefore, the defendants argue that when a new cause of action is asserted in an amended petition after the prescriptive period has run as to that cause of action, such action may not be maintained.
*135 We agree with plaintiff and we hold that the timely filing of the tort suit interrupted prescription as to the amended petition which set forth a claim for workmen's compensation benefits. This holding is based upon Louisiana Code of Civil Procedure Article 1153 which provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
The original petition which states a cause of action in tort clearly details the factual situation and the alleged tortious conduct upon which this suit is based. The amended petition which states a cause of action in workmen's compensation does not add any new factual allegations which have not already been called to the defendants' attention. Plaintiff was an employee of the defendants and they admitted knowledge of this fact in their answers to interrogatories. The amended petition merely adds a new legal theory of recovery based upon the factual allegations of which defendants have already received notice in the original petition. The Louisiana Supreme Court in Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980), stated that:
"It is well established that Louisiana Code of Civil Procedure Article 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises."
Therefore, Article 1153 mandates that the running of prescription was interrupted at the time when defendants were put on notice that a tort claim was being made against them. The allowance of an amended petition stating an additional theory of recovery in workmen's compensation does not place defendants at a disadvantage because they were put on notice in the plaintiff's original pleading that they would be required to collect and preserve all evidence relating to the particular factual situation in which plaintiff was injured.
In his reasons for judgment, the trial judge cited the case of Aleem v. Aabco Construction, Inc., 422 So.2d 1293 (La. App. 4th Cir.1982), as authority for maintaining the defendant's exception of prescription and for dismissing plaintiff's amended petition asserting her claim for workmen's compensation benefits. The trial judge stated that Aleem and the instant case are factually indistinguishable. However, the Aleem case is distinguishable. In Aleem, the original petition stated the plaintiff's claim for workmen's compensation benefits. The amended petition, filed more than one year after the plaintiff's injuries, asserted a claim in tort. The plaintiff's original petition only gave the defendants notice of a claim in workmen's compensation. In this petition, the plaintiff made the minimal allegations as required by the workmen's compensation statute; i.e. that the plaintiff was involved in an accident while in the course and scope of his employment and that injury or disability resulted. This original petition did not contain the factual allegations needed to litigate a claim in tort. Therefore, the barebone allegations of the original workmen's compensation petition were insufficient to provide notice to the defendants that they might be required to defend a suit based on tortious conduct in addition to a suit for workmen's compensation benefits.
In a decision entitled Chenier v. Vanguard Party Sales, Inc., 430 So.2d 367 (La.App. 3rd Cir.1983), the Third Circuit was presented with the identical factual situation of the instant case. In Chenier, the court ruled that plaintiff's amended petition, asserting a claim in workmen's compensation and filed more than a year after the injury occurred, did not relate back to the date of the original petition asserting a claim in tort and, therefore, had prescribed. We respectfully disagree with our brethren on the Third Circuit.
We hold that the factual allegations contained in the plaintiff's original tort petition were sufficient to interrupt the prescriptive *136 period for bringing a workmen's compensation claim arising out of the same accident. Because the defendants received notice of the necessary factual allegations in the original petition, Code of Civil Procedure Article 1153 allows the amended petition to relate back to the date of the filing of the original petition.
For the reasons stated above, the judgment of the trial court is reversed, the exception of prescription is overruled, and the case is remanded for further proceedings, at the cost of the defendants.
REVERSED AND REMANDED.
BARRY, J., concurs with written reasons.
BARRY, Judge, concurring with written reasons.
Aleem v. Aabco Contractors, Inc., 422 So.2d 1293 (La.App. 4th Cir.1982) involved the same factual situation, but the court incorrectly applied R.S. 9:5801 and found prescription. Aleem should be overruled.
In National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965) our Supreme Court stated:
A cause of action is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; the existence of those facts which give a party a right to judicial interference in his behalf; the situation or state of facts which entitles a party to sustain an action. When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong.
Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979) said:
When the defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted.
New Orleans Home and Rehabilitation Center was an original defendant and had notice plaintiff was asserting a legal demand due to the elevator accident. The original petition did not say plaintiff was the Center's employee, but in answers to interrogatories filed on September 3, 1982 plaintiff was identified as its employee.
Allstate Ins. Co., v. Theriot, supra, at 954 also stated:
The underlying reason why prescription does not bar the subsequent claim ... is that the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof....
These tort and compensation claims are based on the same factual situationonly the legal theories differ. The defendant had fair and timely notice of both claims and the amended petition should be permitted under C.C.P. Art. 1153.