ARMSTRONG, Judge.
This case arises out of a claim for workers’ compensation benefits. The Appellant, Mr. Cryer, appeals from a decision of the administrative court wherein the judge maintained Appellee/Tenneco’s exception of prescription, dismissing Mr. Cryer’s claim. For the reasons enumerated below, we reverse the lower court’s ruling and remand for further proceedings consistent with this decision.
Mr. Cryer alleges that he sustained an on the job injury on October 13, 1988. He initially filed an ex delicto lawsuit against his employer, Tenneco, in Civil District Court on October 13, 1989. Our review of the record reveals that on October 14,1990, the defendants filed exceptions of no cause or right of action in the ex delicto proceeding. On June 19, 1991, Mr. Cryer filed the claim against Tenneco, made subject of this appeal, for workers’ compensation benefits with the Office of Workers’ Compensation. In response thereto, Tenneco filed an exception of prescription. On July 2, 1992, Mr. Cryer voluntarily dismissed, without prejudice, his ex delicto lawsuit against Tenneco in Civil District Court. The exception of prescription was heard on February 6, 1992 and maintained on March 2, 1992.
In his reasons for judgment, the trial judge indicated that the case which was filed in Civil District Court is usually sufficient to interrupt prescription, citing, Miller v. New Orleans Home & Rehab Center, 449 So.2d 133 (La.App 4th Cir.1984). However, he further opined, that in the instant case because the defendant, Tenneco, had not made a general appearance prior to Mr. Cryer’s voluntary motion to dismiss, it was as if no suit had been filed and thus no interruption of prescription had taken place. We find that the trial judge was clearly wrong in this finding. It is well settled that the filing of exceptions of no cause or right of action constitutes a general appearance. La.C.C.P. art. 7; Little v. Little, 513 So.2d 464 (La.App. 2 Cir.1987). Louisiana Civil Code Article 3463 provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
The Louisiana Supreme Court has held that the voluntary dismissal of a claim against defendants did not terminate the interruption of prescription where defendants had made a general appearance prior to that dismissal[1]. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). Additionally, in Miller, we held that prescription was interrupted as to the plaintiff’s employer “where the original claim in tort detailed the factual situation and alleged tortious conduct upon which the suit was based and the new amended petition in workmen’s compensation did not add any new factual allegations which had not already been called to the defendant’s attention”. This is a case where the holding in Miller is controlling because the original ex delicto suit arose out of the same set of circumstances upon which the claim for compensation benefits derived.
Louisiana R.S. 49:964 provides that an appellate court may reverse or modify the decision of an agency or remand the case for further proceedings if substantial rights of the appellant have been preju *1072 diced because the administrative findings are based upon an error of law or are manifestly erroneous. Accordingly, we find that because the judge erroneously concluded that Tenneco had not made a general appearance he based his finding on an error of law. Additionally, in light of Miller and Roger we find that prescription had been interrupted by the filing of the ex delicto suit and Tenneco’s appearance in those proceedings.
Accordingly, we reverse the ruling of the administrative court and remand for further proceedings.
REVERSED AND REMANDED.

. A general appearance allows the trial judge to dismiss with prejudice. La.C.C.P. Art. 1671.