JOY COSSICH LOBRANO, Judge.
| plaintiff, Jerome Henderson, appeals a judgment of the Office of Workers’ Compensation (“OWC”), maintaining an exception of prescription in favor of defendant, SNL Distribution Services/SNL Trucking (“SNL Distribution/Trucking”), his former employer. For the following reasons, we affirm.
On January 13, 2009, Mr. Henderson filed a disputed claim for compensation with the OWC, naming his employer as “SNL, Inc.” He alleged that on March 3, 2003, while in the course and scope of his employment driving an eighteen-wheeler truck from New Orleans, Louisiana, to Mobile, Alabama, the police stopped him and accused him of smoking marijuana and falsifying a driving log. Mr. Henderson further alleged that he was terminated as a result of the charges and suffered severe emotional distress due to the incident. Attached to the OWC claim form is a copy of a petition for damages Mr. Henderson had filed in the Orleans Parish Civil District Court on March 17, 2004[1], that named *419 “SNL, Inc.” as his employer and alleged the incident occurred on March 17, 2003.
|2In response to Mr. Henderson’s claim, SNL, Inc. filed an answer with the OWC, alleging that it never employed Mr. Henderson, owned any vehicles, and was incorporated for the sole purpose of building a house.
On April 20, 2009, Mr. Henderson filed both a first amended disputed claim for compensation, naming “SNL Distribution Services Corporation” as his employer, and a motion to dismiss SNL, Inc. from the claim. The OWC judge granted the motion, dismissing SNL, Inc. from the claim on May 1, 2009. Thereafter, on February 2, 2011, Mr. Henderson filed a second amended disputed claim for compensation, naming SNL Distribution/Trucking as his employer.
In response, SNL Distribution/Trucking filed a peremptory exception of prescription. Following a hearing, the OWC judge sustained the exception and dismissed Mr. Henderson’s claim. Mr. Henderson appealed.
“In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous.” Taranto v. Louisiana Citizens Property Ins. Corp., 10-0105, p. 5 (La.3/15/11), 62 So.3d 721, 726 (citation omitted). Generally, the burden of proof on the prescription issue lies with the party asserting it. Id. However, if the claim is prescribed on its face, the burden then shifts to the plaintiff to negate the presumption by establishing a suspension or interruption. Id.
The prescriptive periods governing workers’ compensation claims are set forth in La. R.S. 23:1209(A).[2] Pursuant to the statute, claims for disability benefits Rare barred unless filed (1) within one year from the date of the accident; (2) one or three years from the date of the last payment of compensation benefits, depending on the type of benefits paid; and (3) one year from the time the injury develops if not immediately manifest, but, in any event, no more than two years after the accident. See Muhammad v. New Orleans Police Department, 02-0306, p. 5 (La.App. 4 Cir. 6/26/02), 822 So.2d 183, 186 (citation omitted).
“[T]he jurisprudence has liberally construed the time limits for institution of a claim for benefits.” Scott v. Walmart Stores, Inc., 03-0104, p. 6 (La.App. 4 Cir. 7/2/03), 851 So.2d 1210, 1213-14 (citations omitted). Prescription statutes, including La. R.S. 23:1209(A), are construed in favor *420 of maintaining rather than barring actions. See, e.g., Taylor v. Liberty Mut. Ins. Co., 579 So.2d 443, 446 (La.1991).
Mr. Henderson argues the OWC judge erred in sustaining the exception of prescription where the allegations in his second amended claim for compensation relate back to the filing of his petition for damages in Civil District Court. In support of his argument, he cites La. C.C.P. art. 1153 and Miller v. New Orleans Home & Rehabilitation Center, 449 So.2d 133 (La.App. 4th Cir.1984).
La.C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
|4In Miller, supra, the plaintiff was injured on December 11, 1981, while riding in an elevator at the New Orleans Home & Rehabilitation Center (“Center”). Plaintiff filed a petition for damages on February 8, 1982, naming the Center, the State of Louisiana, and the City of New Orleans as defendants. On February 28, 1983, plaintiff filed a supplemental and amended petition to assert a claim for workmen’s compensation benefits against her employer, the Center. The Center filed an exception of prescription. The trial court sustained the exception, dismissing the supplemental and amended petition. Id., 449 So.2d at 134. This Court, relying upon La. C.C.P. art. 1153, reversed, stating:
We hold that the factual allegations contained in the plaintiffs original tort petition were sufficient to interrupt the prescriptive period for bringing a workmen’s compensation claim arising out of the same accident. Because the defendants received notice of the necessary factual allegations in the original petition, Code of Civil Procedure Article 1153 allows the amended petition to relate back to the date of the filing of the original petition.
Miller, 449 So.2d at 135-136.
In this case, Mr. Henderson named SNL, Inc. as a defendant in the action filed in Civil District Court and in the original workers’ compensation claim. However, SNL, Inc. was never Mr. Henderson’s employer and, therefore, not the proper party defendant in the action filed in Civil District Court. Furthermore, the record contains no proof that Mr. Henderson’s employer, SNL Distribution/Trucking, ever received notice of the action filed in Civil District Court. Mr. Henderson’s reliance upon the Miller case is misplaced.
Mr. Henderson named SNL Distribution/Trucking as a new defendant in his second amended disputed claim for compensation. In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Louisiana Supreme Court discussed whether a 1 ^subsequent pleading would relate back to the original pleading when the subsequent pleading adds or changes a defendant. Specifically, the Court stated:
We establish the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity *421 of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray, 434 So.2d at 1086-1087.
Applying Ray to this case, the first criteria is met as the original petition for damages and the second amended disputed claim for compensation arise out of the same transaction or occurrence. However, the record reveals that the second, third, and fourth criteria have not been met. Nothing in the record indicates that SNL Distribution/Trucking received notice of the institution of the action prior to February 14, 2011.[3] There is no evidence that SNL Distribution/Trucking knew or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it.[4] The record ^demonstrates that SNL Distribution/Trucking was a new and unrelated defendant. Thus, we find Mr. Henderson’s second amended disputed claim for compensation did not relate back to the filing of his original petition in Civil District Court, and was prescribed.
Next, Mr. Henderson argues that the doctrine of contra non valentem operated to suspend prescription. He contends that he timely provided notice to SNL, Inc. and when notified of the proper party defendant, he promptly amended his claim and served SNL Distribution/Trucking. Mr.. Henderson alleged that the names of the companies were so closely related that their employment number was the only way to discern one from the other. Finally, Mr. Henderson asserted that he made all reasonable efforts, but due to confusion, error, or mistake, was unable to serve SNL Distribution/Trucking until he received information distinguishing the new defendant from the previous, similarly named defendants.
Contra non valentem is a Louisiana jurisprudential doctrine under which prescription may be suspended. Carter v. Haygood, 04-0646, p. 11, 892 So.2d 1261, 1268 (citations omitted). The Louisiana Supreme Court has recognized four instances where contra non valentem applies to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of this cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Jenkins v. 7Starns, 11-1170, p. 19 (La.1/24/12), 85 So.3d 612 (citing Carter, 04-0646, pp. 11-12, 892 So.2d at 1268).
*422 Our review of the record indicates Mr. Henderson presented no evidence that (1) some legal cause prevented the court from taking action on his claim; (2) that there was some condition coupled with a contract or connected with the proceedings which prevented him from suing; (3) that SNL Distribution/Trucking acted in a way which prevented him from availing himself of the cause of action; and (4) that the cause of action was not known or reasonably knowable by him. Thus, we find the doctrine of contra non valentem inapplicable in this case.
In summary, we find no manifest error in the trial court’s conclusion that Mr. Henderson’s claim against SNL Distribution/Trucking was prescribed.
Accordingly, we affirm the judgment of the trial court sustaining SNL Distribution/Trucking’s exception of prescription.
AFFIRMED

. Although the Civil District Court clerk's office stamped the filing date on the petition, the date on the copy that is attached to Mr. Henderson's OWC claim form and included in the appeal record is illegible. Nonetheless, Mr. Henderson alleged in his opposition to *419 the exceptions filed in the workers' compensation proceeding that the petition was filed on March 17, 2004.

. La. R.S. 23:1209(A), provides:
(1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
(2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
(3)When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

. The record indicates that SNL Distribution/Trucking was served with a copy of the second amended disputed claim on February 14, 2011. The record contains no proof that SNL Distribution/Trucking was served with a copy of the first amended disputed claim filed on April 20, 2009, or the Petition for Damages filed in the Orleans Parish Civil District Court on or about March 17, 2004.

. The record contains no proof that "SNL Distribution Services Corporation,” the entity named as the defendant in the first amended disputed claim, was served with a copy of the claim or is related to SNL Distribution/Trucking, the proper defendant.