430 So.2d 367 (1983)
Sidney CHENIER and Clarnette Chenier, Plaintiffs-Appellants,
v.
VANGUARD PARTY SALES, INC., Oran Vincent, State Farm Fire & Casualty Company, Defendants-Appellees.
No. 82-769.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Losavia & Weinstein, John Haas Weinstein, Opelousas, for plaintiffs-appellants.
Sera H. Russell, III, of Allen, Gooch & Bourgeois, Lafayette, Roy & Forrest, L. Albert Forrest, New Iberia, for defendants-appellees.
Before GUIDRY, STOKER and KNOLL, JJ.
KNOLL, Judge.
The appellants, Clarnette Chenier and Sidney Chenier, originally filed a tort suit against Vanguard Party Sales (hereafter Vanguard), Oran Vincent, and State Farm Fire and Casualty Company (hereafter State Farm) for damages Clarnette Chenier sustained as a result of an accident that occurred on Vanguard's parking lot. More than one year after the date of the accident, the appellants filed a second supplemental and amending petition against Vanguard for workmen's compensation benefits. *368 Vanguard filed a peremptory exception of prescription. The trial court sustained the exception which is the issue of this appeal.

FACTS
The plaintiffs' original petition was filed on June 25, 1981, naming Vanguard, Oran Vincent and State Farm as defendants. The petition alleged that Clarnette Chenier, sales manager for Vanguard, was negligently injured by an employee of Oran Vincent on December 10, 1980, on the parking lot of Vanguard after she left a meeting at the Vanguard office in Scott, Louisiana. Mrs. Chenier tripped over a windshield which one of Oran Vincent's employees left leaning against a car on the parking lot. The plaintiffs' petition sought damages for the injuries Mrs. Chenier incurred as a result of the accident.
On December 11, 1981, Vanguard filed a peremptory exception of no cause of action alleging that the petition lacked allegations of negligence or fault on the part of Vanguard. The plaintiffs then filed a supplemental and amending petition on March 8, 1982, asserting an action in workmen's compensation against Vanguard. On April 1, 1982, Vanguard filed a peremptory exception of prescription.

PRESCRIPTION
The sole issue raised by this appeal is whether or not the filing of a petition for a tort action interrupts the prescriptive period for bringing a workmen's compensation claim arising out of the same accident, when the allegations in the original petition are sufficient for bringing the former but not the latter.
LSA-C.C.P. Art. 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
It is well established that LSA-C. C.P. Art. 1153 permits a plaintiff or defendant to amend the petition or answer, despite prescriptive bars, where the original pleading gives fair notice of the fact situation out of which the amended claim or defense arises. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La. 1975); Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980). Where the pleadings reveal some factual connexity between the original and amended assertions, and they contain sufficient allegations to afford fair notice to the adverse party of the relief sought, amendment should be allowed. 43 Tul.L.Rev. 211 (1969); Baker, supra; Shores v. Fidelity & Cas. Co. of New York, 413 So.2d 315 (La.App. 3rd Cir.1982).
The plaintiffs' original petition fails to allege sufficient facts for a workmen's compensation claim to afford fair notice to Vanguard. The original petition only alleges that the plaintiff was employed by Vanguard and that she was injured on Vanguard's parking lot while leaving a meeting with other Vanguard employees.
The original petition does not contain the factual allegations required by LSA-R.S. 23:1311 and 1314 to assert an action in workmen's compensation.
LSA-R.S. 23:1311:
"... The petition should set forth the names and residences of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of the wages being received at the time of the accident, the knowledge of the employer or notice of the occurrence of the accident and injury and such other facts as may be necessary and proper for the information of the court, and to give the other party sufficient information to enable him to intelligently answer and defend the complaint; it should also state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which is this Chapter are made conditions under which compensation may be granted."
LSA-R.S. 23:1314:

*369 "Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer's medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of non-payment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved. As amended Acts 1950, No. 539, § 1."
The plaintiffs' original petition lacks: any allegation as to the amount of wages being received at the time of the accident; failure or refusal by the employer to pay compensation; any matter in dispute as to compensation benefits; any knowledge of, or notice to her employer of the accident and injuries. The original petition did not set forth a cause of action for workmen's compensation but was clearly a tort claim only.
In Arnuad v. Molbert Bros. Poultry & Eggs Co., 368 So.2d 1187 (La.App. 3rd Cir. 1979), the Court held that an amending and supplemental petition which included a prayer for tort damages, did not interrupt prescription. The original petition in Arnuad, supra, alleged a cause of action for workmen's compensation benefits. The Court noted that the amending and supplemental petition alleged an entirely different cause of action and the factual allegations of the two pleadings were significantly different. We find that Arnuad, supra, is controlling in the present case.
The original petition alleged a tort claim based on injuries Mrs. Chenier sustained as the result of the negligence of an employee of Oran Vincent. The amending and supplemental petition alleged a workmen's compensation claim based on the defendant's employment of Mrs. Chenier at the time of the accident. The original petition did not give Vanguard fair notice that a formal claim for workmen's compensation benefits was being made. The factual allegations of the two pleadings are entirely different.
We find that the amending and supplemental petition, filed more than a year after the injury occurred, does not relate back to the date of the original petition. Therefore, the workmen's compensation claim has prescribed.
For the reasons assigned the judgment of the trial court is affirmed, assessing the appellant with costs of this appeal.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, Judge, dissenting.
I respectfully disagree with the conclusion reached by the majority.
The central issue in this case is whether the filing of the initial tort suit interrupted prescription on the workmen's compensation claim. I believe that it did in spite of the fact that it failed to contain certain allegations essential to the assertion of a workmen's compensation suit. In their original petition, the plaintiffs alleged that Clarnette was employed by the defendant; she was attending a Vanguard sales meeting; and, upon leaving the meeting and while crossing the parking lot belonging to Vanguard, she was injured and sustained disability as a result thereof. Additionally, it is to be observed that Vanguard was *370 made a party defendant and had notice that plaintiff was asserting a legal demand against it as a result of the occurrence described in the petition. This case appears to be on all fours with Lemieux v. Cousins, 154 La. 811, 98 So. 255 (1923). In Lemieux, the plaintiff alleged that while in the employ of defendant, logging and lumbering in the swamps, he was severely injured through the alleged negligence of one of defendant's foremen and he prayed for damages. Over one year after the occurrence, he amended his petition to allege a claim in workmen's compensation. The defendant filed an exception of prescription which was sustained by the trial court but overruled by the court of appeal. In affirming the court of appeal judgment, overruling the exception of prescription, the Supreme Court stated:
"In that original demand plaintiff set up all the facts necessary to show that he had some claim under the workmen's compensation law. It is true that he erred in the measure of his claim, but he showed an unmistakable intention to claim his dues, whatever that might be, and this we think was sufficient to interrupt prescription."
This rather liberal view in recognizing an interruption of prescription where the defendant is afforded fair notice of a claim has been continued in the later jurisprudence. In Allstate Insurance Co. v. Theriot, 376 So.2d 950 (La.1979), the Supreme Court quoted from Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973) as follows:
"When the defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted."
And then, in further elaboration as to the basis for a line of cited jurisprudence, said at page 954:
"The underlying reason why prescription does not bar the subsequent claim in these instances is that the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof ..."
Clearly in this case, the employer, Vanguard, had notice, prior to the expiration of the prescriptive period, that Mrs. Chenier was making demands against it for the occurrence described in her petition. Under such circumstances, and considering the aforesaid legal principles, in my view, the exception of prescription should be overruled.
For these reasons, I respectfully dissent.