GARRISON, Judge.
This is an appeal from a judgment of the 25th Judicial District Court for the Parish of Plaquemines dated March 20, 1984, granting an Exception of Prescription filed by defendant Meurer, Serafini, and Meurer, Inc. (hereinafter, “MSM”) and its insurer, Fireman’s Fund Insurance Company. From that judgment dismissing his case, plaintiff Eugene A. Shewmake, Jr. appeals.
On February 11, 1981, plaintiff filed suit against James Alejaudro and MSM seeking damages for injuries sustained on February 14, 1980. Plaintiff was the guest passenger in a vehicle owned by MSM and driven by Alejaudro, an MSM employee.
The petition stated as follows:
“2.
On or about February 14,1980, petitioner was a guest passenger in a 1978 Model Chevrolet Carryall truck, bearing 1981 Louisiana Registration Number T-139493, owned by defendant, Meurer, Serafini and Meurer, Inc., and being operated by defendant, James Alejaudro, in a northerly direction on Plaquemines Parish Road 11, in Buras, Plaquemines Parish, Louisiana.

4.
The aforesaid accident was proximately caused by and was a direct consequence of, the wrongful, unlawful and negligent acts and omissions of defendant, James Alejaudro; which negligence is imputed to defendant, Meurer, Serafini and Meurer, Inc.; said negligence consisting primarily, but not exclusively, of the following: ...

6.
Immediately prior to the above described accident, petitioner was employed by defendant, Meurer, Serafini and Meurer, Inc. at a rate of $4.00 per hour and $126.00 weekly per diem, and as a result of the above described accident petitioner was forced to refrain from work from *713 February 15, 1980 until the present time.”
MSM was served with the petition on February 17, 1981. Defendant Alejaudro was never served, as the Sheriffs Office in Lafayette was unable to locate him.
On March 25, 1981 defendant MSM filed an answer stating:
“11.
Defendant also avers that at the time of this injury, plaintiff Eugene A. Shew-make, Jr., was within the course and scope of his employment for defendant, Meurer, Serafini and Meurer, Inc., and therefore, plaintiffs sole cause of action is within the Louisiana Workmen’s Compensation Act as amended more particularly Revised Statute 23:1032.
On October 9, 1982, with leave of court, plaintiff filed a supplemental and amending petition seeking workmen’s compensation.
On May 13, 1982 defendants filed an exception stating that plaintiffs workmen’s compensation action had prescribed under R.S. 23:1209, because it had been filed more than one year from the date of the accident.
In Miller v. New Orleans Home & Rehab. Center, 449 So.2d 133, 135. (La.App. 4th, 1984), this court considered an identical ease:

“On appeal, the only issue argued is whether or not the filing of a petition for a tort action interrupts the prescriptive period for bringing a workmen’s compensation claim arising out of the same accident when the allegations in the original petition are sufficient for bringing the tort action but not for the workmen’s compensation action.

We agree with plaintiff and we hold that the timely filing of the tort suit interrupted prescription as to the amended petition which set forth a claim for workmen’s compensation benefits. This holding is based upon Louisiana Code of Civil Procedure Article 1153 which provides: .‘When the action or defense asserted in the amended petition or answer arises but of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.’
The original petition which states a cause of action in tort clearly details the factual situation and the alleged tortious conduct upon which this suit is based. The amended petition which states a cause of action in workmen’s compensation does not add any new factual allegations which have not already been called to the defendants’ attention. Plaintiff was an employee of the defendants and they admitted knowledge of this fact in their answers to interrogatories. The amended petition merely adds a new legal theory of recovery based upon the factual allegations of which defendants have already received notice in the original petition. The Louisiana Supreme Court in Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980), stated that:
‘It is well established that Louisiana Code of Civil Procedure Article 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises.’
Therefore, Article 1153 mandates that the running of prescription was interrupted at the time when defendants were put on notice that a tort claim was being made against them. The allowance of an amended petition stating an additional theory of recovery in workmen’s compensation does not place defendants at a disadvantage because they were put on notice in the plaintiff’s original pleading that they would be required to collect and preserve all evidence relating to the *714 particular factual situation in which plaintiff was injured.

In a decision entitled Chenier v. Vanguard Party Sales, Inc., 430 So.2d 367 (La.App. 3rd Cir.1983), the Third Circuit was presented with the identical factual situation of the instant case. In Chenier, the court ruled that plaintiff’s amended petition, asserting a claim in workmen’s compensation and filed more than a year after the injury occurred, did not relate back to the date of the original petition asserting a claim in tort and, therefore, had prescribed. We respectfully disagree with our brethren on the Third Circuit.
We hold that the factual allegations contained in the plaintiffs original tort petition were sufficient to interrupt the prescriptive period for bringing a workmen’s compensation claim arising out of the same accident. Because the defendants received notice of the necessary factual allegations in the original petition, Code of Civil Procedure Article 1153 allows the amended petition to relate back to the date of the filing of the original petition.”
(At 134-136). (emphasis added).
Defendant MSM argues that under Che-nier, above, the workmen’s compensation action is prescribed. Paragraph 6 of plaintiff’s petition clearly placed MSM on notice relative to the workmen’s compensation action. Indeed, defendant specifically plead workmen’s comp as an exclusive remedy in its own answer. Chenier was expressly repudiated by this court in the Miller decision before Judges Gulotta, Garrison, and Barry and under the “law of the Circuit” doctrine Miller is controlling. Thus the trial court committed an error of law in failing to apply Miller.
For the reasons discussed, the judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.