592 So.2d 1370 (1992)
William Samuel BURRIER, et al., Plaintiff-Appellant,
v.
MALMAC ENERGY CORPORATION, et al., Defendants-Appellees.
No. 23,121-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
*1371 Bruscato, Loomis & Street by C. Daniel Street, Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith, Cascio & Mullens by Bruce M. Mintz, Monroe, for defendants-appellees.
Before MARVIN, C.J., and SEXTON and NORRIS, JJ.
MARVIN, Chief Judge.
In this action against his alleged statutory employer and its insurer, the original claimant's children, as substituted plaintiffs, appeal a judgment dismissing, on an exception of prescription, alternative demands made in supplemental petitions for worker's compensation benefits. Claimant's original petition, which was timely filed, sought personal injury damages arising out of the same accident on allegations of strict liability and negligence.
We reverse and render judgment overruling the exception of prescription. Parker v. Southern American Insurance Co., 590 So.2d 55 (La.1991).
We do not reach the merits of the defendants' exception of prematurity founded on the fact that the alleged statutory employer was not named as a potential defendant in earlier administrative proceedings for w.c. benefits that the original claimant filed with OWC against his actual employer in 1987. The trial court did not rule on the exception of prematurity.
A 1988 settlement of the w.c. action between claimant and his actual employer, which was reduced to judgment in the district court in another action, was not consummated or paid apparently because the uninsured actual employer took bankruptcy.
We shall remand to allow the trial court to consider the effect of that w.c. judgment and have a hearing on defendants' exception of prematurity.

CHRONOLOGY
Burrier, the original claimant, was accidentally injured on October 21, 1986, while working as a production superintendent for Stallion Exploration & Production Company on a well that was owned by Malmac Energy Corporation, the later-alleged statutory employer.
Burrier timely filed a w.c. action against Pescatore, d/b/a Stallion, after obtaining certification from OWC that he had submitted his claim for informal resolution.
On October 14, 1987, Burrier sought personal injury damages from several defendants, including Malmac, the well owner who allegedly had contracted with Stallion. The damage suit against Malmac, alleging the accidental injury of October 21, 1986, was timely. In Burrier's first supplemental petition on July 7, 1988, Malmac's liability insurer, U.S.F. & G., was joined as a defendant with Malmac. This joinder was also "timely" in the sense that prescription had been interrupted by the timely filing of the damage suit against the insured, Malmac. Parker, cited supra.
Burrier filed his second supplemental petition on May 25, 1989, alleging alternatively that Malmac was his statutory employer and was liable to him under the w.c. law. In a third supplemental petition on December 1, 1989, Malmac's w.c. insurer, Travelers, was joined as a co-defendant.
Burrier died from natural causes while this appeal was pending. His children were substituted as the appellants in this court.

RESOLUTION
The original demand for personal injury damages against Malmac made these factual allegations: Burrier, as Stallion's employee [production supervisor], was sent to *1372 work on October 21, 1986, on a well owned by Malmac that had recently become productive. In answer to Malmac's interrogatories, Burrier said he was "sent" to the well by Malcolm McDonald of Palestine, Texas, who was "with" [or employed by] Malmac. Burrier was directed to "blow the well down because water was getting in the lines." When Burrier attempted to do this, pressure caused the "well head" to spin, striking and injuring Burrier.
Burrier's post-prescription demands against Malmac for w.c. benefits, which were made in the alternative, did not reallege the "facts" of the accident, but asserted that "the injury he received on October 21, 1986, was sustained while in the course and scope of his employment with Stallion and therefore with Malmac." He alleged his entitlement to w.c. benefits from Malmac and medical expenses "previously listed in his original petition from said defendant."
Where a plaintiff is injured in one distinct accident, the timely filing of tort demands against an actual employer interrupts prescription on a w.c. demand that is later made against the same employer. Shewmake v. Alejaudro, 466 So.2d 711 (La.App. 4th Cir.1985). The reverse of that circumstance is also true; a timely w.c. demand against the employer interrupts prescription on a later-filed tort demand against the employer's liability insurer. Parker, cited supra.
In our opinion, Parker enervates Chenier v. Vanguard Party Sales, Inc., 430 So.2d 367 (La.App. 3d Cir.1983), and other cases which suggest a result contrary to Shewmake. We see no valid reason why a result different from Parker-Shewmake should be pronounced against a statutory employer than is pronounced against an actual employer. A plaintiff's original demand arising out of a distinct accidental injury, based either in tort or in w.c., interrupts prescription which would have accrued against a later demand founded on the other base. Parker, Shewmake, cited supra; Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980)
LRS 23:1061 has always included language to the effect that a principal [who is a statutory employer] is liable to the employee of his contractor as if the employee had been "immediately employed" by the statutory employer and that, in the appropriate circumstances, references in the law to the employer shall be "substituted" for and considered as references to the principal [statutory employer]. The legislature's "substitution" that imposes w.c. liability on the statutory employer warrants our similar "substitution" to apply the actual employer case law to the alleged statutory employer.
If the original timely pleading gives actual notice to a party that a formal claim is being made based on a particular factual situation, no essential purpose of a prescriptive statute is violated by permitting relation back of a post-prescription amendment based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought from the general factual situation alleged and he is put on notice that his evidence concerning that factual situation should be collected and preserved. See discussion of CCP Art. 1153 in Baker v. Payne & Keller of Louisiana, Inc., supra, at p. 1275, quoting the late Justice Tate in 43 Tul.L.Rev. 211, 233 (1969). Compare fact-pleading discussion in Harris v. Bardwell, 373 So.2d 777 (La.App. 2d Cir.1979).
Burrier's amended and supplemental demand, in the alternative, for w.c. benefits against Malmac clearly "arises out of the occurrence" or factual situation alleged in Burrier's original demand for personal injury damages. The post-prescription amendment then relates back to the date of filing the original pleading. CCP Art. 1153. Baker, supra.

DECREE
The judgment of the trial court is reversed and judgment is hereby rendered *1373 overruling the exceptions of prescription filed by Malmac and Travelers at their cost. The case is remanded for further proceedings.
REVERSED, RENDERED, AND REMANDED.