MARVIN, Chief Judge.
In this action arising out of a head-on collision between two vehicles in 1985 which fatally injured her husband, Ms. Tur-nage appeals a judgment dismissing, on an exception of prescription, her alternative demand for worker’s compensation death benefits sought in a 1990 supplemental petition “in the event” the trial court finds that her husband was in the course and scope of his employment with the defendant when the accident occurred.
Ms. Turnage’s original petition, which was timely filed against the defendant-employer, was founded in tort on allegations that the accident occurred when her husband was exhausted and inattentive while driving home from work because the defendant-employer had required him to work for 24 or more continuous hours.
The supplemental petition does not allege facts, but simply asserts, in the alternative, that the defendant-employer is liable for w.c. death benefits “in the event” her husband is found to have been in the scope and course of his conduct when the accident occurred.
We reverse and render judgment overruling the exception of prescription. CCP Art. 1153; Burner v. Malmac Energy Corp., 592 So.2d 1370 (La.App. 2d Cir.1992); Parker v. Southern American Ins. Co., 590 So.2d 55 (La.1991).
RESOLUTION
Without benefit of Burner, cited supra, the trial court sustained the exception, explaining in written reasons that the original petition did not set forth a factual statement which would indicate that the decedent was acting within the course and scope of his employment when the accident occurred.
LRS 23:1317 relaxes evidentiary and procedural rules, subordinating them to discovery of the truth and protection of substantive rights in w.c. cases. Having timely alleged the employment relationship, Ms. Turnage would be allowed to introduce details of her husband’s responsibilities and defendant’s practices within that relationship to support her alleged alternative conclusion that defendant is liable under the w.c. law if the court should find that her husband was in the scope and course of his employment when the accident occurred. See Andrews v. Pine Hill Wood Co., 426 So.2d 196 (La.App. 2d Cir.1982), writ denied.
Ms. Turnage’s amended petition does not change or add to the factual allegations. Under the authorities cited supra, Ms. Tur-nage’s post-prescription alternative demand against the defendant-employer is an amendment which relates back to the date of filing the original petition. See also Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980).
CCP Art. 1153 permits post-prescription amendment if the original pleading gives fair notice of the general factual situation out of which the amended demand arises. Baker, supra. Reliance on the fair notice requirement, rather than on technical procedural rules, fulfills the legislatively adopted principle that procedural rules be liberally construed to achieve substantial justice. CCP 865 and other authorities cited and discussed in Esteve v. Iberia Parish Hosp., 520 So.2d 848 (La.App. 3d Cir.1987), writ denied.
CCP Art. 1153 only requires that the amended petition’s thrust factually relate to the conduct, transaction or occurrence originally alleged. Gunter v. Plauche, 439 So.2d 437 (La.1983).
Where a distinct accident is alleged, a plaintiff’s original demand based either in tort or in w.c. interrupts prescription which *209 would have accrued against a later demand founded on the other base. Burrier v. Malmac Energy Corp., supra; Shewmake v. Alejandro, 466 So.2d 711 (La.App. 4th Cir.1985). Parker, cited supra. These cases enervate Chenier v. Vanguard Party Sales, Inc., 430 So.2d 367 (La.App. 3d Cir.1983), and other cases which suggest a contrary result.
If the original timely pleading gives fair notice to a party that a demand is based on a particular factual situation, no essential purpose of a prescriptive statute is violated by permitting the relation back of a post-prescription demand or theory of recovery based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought from the factual situation alleged and he is put on notice that his evidence concerning that factual situation should be collected and preserved. Burrier, supra, citing Baker v. Payne & Keller of Louisiana, Inc., supra.
DECREE
The judgment appealed is reversed. The defendant-employer’s exception of prescription is denied and the ease is remanded for further proceedings. Costs are assessed to appellees.
REVERSED, RENDERED AND REMANDED.