726 So.2d 477 (1999)
In re MEDICAL REVIEW PANEL OF David WEMPREN
v.
UHS OF NEW ORLEANS, INC. d/b/a River Parishes Hospital.
No. 98-CA-636
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*478 David A. Bowling, Susannah R. Cooley, Wilson & Bowling, New Orleans, Louisiana, Attorneys for Defendant/Appellant.
Daniel E. Becnel, III, LaPlace, Louisiana, Attorney for Plaintiff/Appellee.
Panel composed of Judges H. CHARLES GAUDIN, SOL GOTHARD and JAMES L. CANNELLA.
GOTHARD, Judge.
In this medical malpractice case, UHS of New Orleans, Inc. d/b/a River Parishes Hospital (the "Hospital") appeals from a decision of the trial court dismissing its action to assert prescription. We affirm the decision of the trial judge.
The record reflects that Mr. Wempren was treated by the Hospital on at least two occasions. In April of 1996, he was treated for injuries sustained as a result of an automobile accident, at which time he alleges that the hospital personnel improperly treated him, causing further injury to his neck and back. Mr. Wempren was transferred to Charity Hospital, where he underwent back surgery. On October 15, 1996, Mr. Wempren underwent invasive diagnostic procedures at the Hospital.
By letter dated January 31, 1997, allegedly filed on February 14, 1997, David Wempren filed a claim with the Louisiana Patient Compensation Fund requesting a medical review panel to review the treatment he received at defendant Hospital. In his request he alleged that he was treated at the Hospital on or about October 15, 1996, and that "As a result of Mr. Wempren's improper treatment as a patient at this facility, he was lifted by the nurses on duty at the hospital, jolting his neck causing an injury prior to his surgery."
In response to interrogatories, which was served by mail on defense counsel on May 29, 1997, Mr. Wempren stated that the complained of actions occurred on April 27, 1996, and not on October 15, 1996 as he had originally alleged. Mr. Wempren subsequently amended his request to the medical review panel to state the correct date.
The Hospital instituted the present action for dismissal, alleging that any cause of action for malpractice occurring on April 27, 1996 had prescribed, since that cause of action had not been asserted prior to May 29, 1997. The trial court denied relief, finding that "Even though there was confusion of the dates listed in the letter to the Patient Compensation Fund, notice was provided in a timely manner and there was enough of a description of the facts of the events to put the Defendant on proper notice[.]"
A medical malpractice action must be filed within one year from the date of the alleged act, omission, or neglect, or within one year of the date of discovery, but in all instances such claims shall at the latest be filed within a period of three years from the date of the alleged act, omission or neglect. La. R.S. 9:5628.
Generally, the party pleading prescription bears the burden of proof. However, when the cause of action shows on its face that the prescriptive period has run, the burden shifts to the party alleging an interruption or suspension to show that the cause of action has not prescribed. Caro v. Bradford *479 White Corp., 96-120 (La.App. 5 Cir. 7/30/96), 678 So.2d 615.
La. C.C.P. art. 1153 provides that:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
La. C.C.P. art. 1153 permits post-prescription amendment if the original pleading gives fair notice of the general factual situation out of which the amended demand arises. Turnage v. Century Telephone Enterprises, 604 So.2d 207 (La.App. 2 Cir.1992). "Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, amendment should be allowed." Gunter v. Plauche, 439 So.2d 437, 440 (La.1983). Furthermore, "The crucial focus in determining whether or not a grant of prescription is warranted is on `notice' to the named defendants. Notice allows the defendants to preserve evidence and properly prepare a defense." Taylor v. Johnson, 617 So.2d 1213, 1216 (La.App. 3 Cir.1993).
Here, both the original request and the amending documents involve the same parties in their same capacities. The trial court allowed the amendment to the original request for medical review panel, finding that the original request for the medical review panel described the alleged acts of malpractice with sufficient specificity to put the Hospital on proper notice that plaintiff was alleging malpractice occurring when he was treated for his back injury in April of 1996. Accordingly, the trial court found that defendant's actions had not prescribed. We do not believe that the trial court erred in this determination, and therefore we will not overturn the ruling of the trial court.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.
GAUDIN, J., CONCURS WITH REASONS.
GAUDIN, J., concurs with reasons.
This is an appeal from an interlocutory and not final judgment and should have been dismissed for that reason. Nonetheless, the record does not indicate that the trial judge erred.