I .MARION F. EDWARDS, Judge.
Defendant/Appellant, Lakeside Hospital, appeals from a trial court judgment that denied its Exception of Prematurity in a medical malpractice action. For the following reasons, the judgment of the trial court is reversed.
FACTS AND PROCEDURAL HISTORY
On June 28, 2001, plaintiff, Lucille Gelé (“Gelé”), underwent a medical procedure on her right elbow which was performed by Dr. A. Jay Binder III at Lakeside Hospital in Jefferson Parish. On May 21, 2002, Gelé filed a formal complaint with the State of Louisiana Patient’s Compensation Fund requesting that a Medical Review Panel convene in order to review her allegations that Dr. Binder severed her radial nerve because of improper placement of an arthroscopic portal. No specific allegations of malpractice were raised against Lakeside in the PCF letter, although Lakeside was identified as a health care provider. The Medical Review Panel ultimately concluded that neither Dr. Binder nor Lakeside failed to meet the applicable standard of care as charged in the complaint.
On September 16, 2003, Gelé filed a Petition For Damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Dr. Binder and | ^Lakeside Hospital. Lakeside then filed a Peremptory Exception of No Cause Of Action, which the trial court granted following a hearing on August 20, 2004. The trial court allowed Gelé fourteen days to amend her petition to state a cause of action against Lakeside. After Gelé filed a Supplemental and Amending Petition For Damages, Lakeside filed an Exception of Prematurity on the basis that the claims raised against it had never been reviewed by a Medical Review Panel as required by LSA-R.S. 40.T299.47(A)(l)(a). The trial court denied Lakeside’s exception following a hearing on November 5, 2004. This timely appeal follows.
LAW AND ANALYSIS
On appeal, Lakeside’s lone assignment of error is that the trial court erred in denying its Exception of Prematurity since the additional claims brought by Gelé in her supplemental petition had never been presented to a medical review panel.
Louisiana Code of Civil Procedure Article 926 provides for the dilatory exception of prematurity. The exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider.[1] If an action against a health care provider covered by the Act has been commenced in a court of law and the complaint was not first presented to a medical review panel, an exception of prematurity must be maintained, and the plaintiffs suit must be dismissed.[2]
In Gelé’s original Petition For Damages, no specific allegations of malpractice were made against Lakeside. In Gelé’s Supplemental and Amending Petition For Damages, however, she added the following allegations against the appellant:
|4a. Selecting an improper location for an arthroscopic portal;
b. Failing to undertake surgical intervention to inspect the radial nerve *838 after petitioner’s complaints of radial nerve palsy;
c. Failing to repair the severed radial nerve;
d. Other acts of negligence which shall be proven at the trial of this matter.
There is no dispute that Lakeside had, in fact, been named in Gelé’s complaint to the Medical Review Panel dated May 21, 2002. But while Gelé’s complaint details several alleged acts of malpractice against Dr. Binder, no specific acts of malpractice were raised against Lakeside. The Expert Opinion rendered by the Medical Review Panel further opined only in general terms that “[T]he evidence does not support the conclusion that Lakeside Hospital failed to meet the applicable standard of care as charged in the complaint.”
LSA-R.S. 40:1299.47(A)(l)(b)(vi) provides in relevant part that a request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following: “(vi) A brief description of the alleged malpractice as to each named defendant health care provider.” (Emphasis added). In the case of Penitt v. Dona[3] the Second Circuit held that a Patient Compensation Fund letter did not properly set forth a statement of the material facts of the malpractice cause of action when the claim did not allege facts of causation linking a plaintiffs injuries to various unidentified actions of the defendants. The court’s ruling affirmed a trial court finding that the PCF letter, without specific allegations regarding each defem dant, did not afford defendants proper “notice” of the alleged acts of malpractice.[4]
In the present case, after a review of the record, we find that neither Gelé’s Petition For Damages nor her Supplemental and Amending Petition For Damages | ..¡correlate to allegations raised specifically against Lakeside in her complaint to the Medical Review Panel. As these new claims against Lakeside had never specifically been addressed by a Medical Review Panel, we find that the trial court should have granted Lakeside’s Exception of Prematurity.
For the foregoing reasons, the judgment of the trial court is reversed.

REVERSED.

. Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977, p. 4 (La.2/29/00), 758 So.2d 116, 119.

. Bennett v. Krupkin, 00-23, p. 6 (La.App. 1 Cir. 3/28/02), 814 So.2d 681, 685, writ denied, 02-1208 (La.6/21/02), 819 So.2d 338.

. 35,628 (La.App. 2 Cir. 9/20/02), 827 So.2d 1222, aff'd in part, rev’d in pan, 2002-2601 (La.7/2/03), 849 So.2d 56.

. In Penitt, however, the trial court had the option of allowing the plaintiff to amend the PCF letter, as the matter was still pending at that time. We note that such an option does not exist in this case.